BMG Songs v. Dodge, et al.          CV-03-182-SM  07/21/04

UNITED STATES DISTRICT COURT

                          DISTRICT OF NEW HAMPSHIRE


BMG Songs, Inc., Maranatha Music,
Integrity's Hosanna Music, and
Material Music and World, Inc.,
     Plaintiffs

     v.                                    Civil No. 03-182-SM
                                           Opinion No. 2004 DNH 105
Brian Dodge, d/b/a
Harvest Broadcasting,
     Defendant


                            **O R D E R**


     Plaintiffs bring this action against Brian Dodge, d/b/a

Harvest Broadcasting, claiming he infringed their copyrights by

broadcasting their songs over a radio station he operates,

without license to do so.  Virtually identical claims were

brought against Dodge in 1998.  See Birdwing Music v. Dodge, No.

98-401-JD (D.N.H.).  That earlier litigation was resolved when

Dodge stipulated to the entry of a $10,000 judgment against him.

Dodge has yet to satisfy that judgment and, at least according to

plaintiffs, he is, once again, knowingly and willfully infringing

their copyrights by broadcasting their songs without a license.

See generally Exhibit B1 to Plaintiffs' Motion for Default

Judgment, Affidavit of David Bander, Director of Licensing of the

American Society of Composers, Authors and Publishers (also known as ASCAP). To date, plaintiffs estimate that Dodge has avoided the payment of approximately $25,000 in licensing fees.

After apparently attempting to avoid service of process for several weeks, Dodge was finally served with a copy of plaintiffs' complaint. He did not, however, file a timely answer or other responsive pleading. Accordingly, on April 20, 2004, a default was entered. Dodge did not appear or respond. Thirty days later, plaintiffs moved for the entry of default judgment. The matter was referred to the Magistrate Judge, who recommended that default judgment enter against Dodge in the amount of $75,000.00 in statutory damages, as well as approximately $2,500.00 in attorney's fees. That recommendation seems to have caught Dodge's attention. His silence was broken when, on the final day on which he could object to the Magistrate Judge's report and recommendations, he filed an objection and motion to strike the default.

Dodge's motion to strike offers weak explanations for his failure to file an answer, and no valid excuses. Nor does he

2

offer any plausible or meritorious defenses to the merits of plaintiffs' claims. Nevertheless, he is acting pro se, claims (again) to suffer from distracting illnesses, and has at least moved to strike the default before judgment entered, all of which counsel in favor of granting his motion. See Fed. R. Civ. P. 55(c). See generally KPS & Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d 1, 12-13 (1st Cir. 2003).

While plaintiffs say that striking the default against Dodge will needlessly and unfairly cause them to incur additional attorney's fees prosecuting this case, most of plaintiffs' pleadings seem to be virtual duplicates of those filed in the prior action against Dodge. Additionally, Dodge seems to have no valid defense(s) to those claims - at least he has not hinted at what defense(s) might be offered. Thus, it appears that this matter can probably be resolved fairly quickly on summary judgment.

## Conclusion

Defendant's motion to strike the entry of default (document no. 14) is granted. Plaintiffs' motion for default judgment (document no. 11) is denied.

Dodge shall file an answer to plaintiffs' complaint, or other responsive pleading, on or before **August 6, 2004.** He is also reminded of his continuing obligation to keep the Clerk of Court apprised of his current mailing address and telephone number. <u>See</u> Local Rule 83.6(e) ("An attorney or pro se party who has appeared before the court on a matter is under a continuing duty to notify the clerk's office of any change of address and telephone number."). Should Dodge fail to file an answer or other responsive pleading as directed, or should he fail to keep the Clerk of Court apprised of his current address and telephone number, sanctions shall be imposed, up to the entry of default <u>judgment</u> against him.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

July 21, 2004

4

cc: R. Matthew Cairns, Esq.
    Brian Dodge